Heidi NIELSEN–ALLEN, Plaintiff,

v.

INDUSTRIAL MAINTENANCE CORP ("IMC"), Hess Oil Virgin Islands Corp. (HOVIC), Hovensa, LLC, and Amerada Hess, Defendants.

No. CIV.2001/0070.

District Court,
Virgin Islands,
Appellate Division,
D. St. Croix.

June 25, 2002.

Lee J. Rohn, K. Glenda Cameron, Law Offices of Lee J. Rohn, St. Croix, VI, for Plaintiff.

C. Beth Moss, Linda J. Blair, Bryant, Barnes & Moss, LLP, St. Croix, VI, for Defendant Hess Oil Virgin Islands Corporation.

## MEMORANDUM OPINION

FINCH, Chief Judge.

THIS MATTER comes before the Court on Defendant Hess Oil Virgin Islands Corporation's ("HOVIC") Motion to Dismiss.

Plaintiff Heidi Nielsen–Allen alleges that she was discriminated against and discharged by the Industrial Maintenance Corporation ("IMC"), HOVIC, HOVENSA, LLC and Amerada Hess in violation of Title VII, civil rights laws of the Virgin Islands, and the Virgin Islands Wrongful Discharge Act. She also claims intentional and negligent infliction of emotional distress and that she is entitled to punitive damages.

## I. HOVIC Cannot be Held Liable Just Because It is as a Member or Manager of HOVENSA, LLC.

■ Plaintiff alleges that HOVIC and PDVSA V.I., Inc. formed HOVENSA, LLC, a limited liability company. Second Amended Complaint, ¶ 6. Plaintiff also acknowledges that HOVENSA, LLC took over as owner and operator of the refinery from HOVIC on October 30, 1998. Plaintiff's Response in Opp. to Mot. to Dismiss, at 2. Title 13 V.I.C. § 1303(a) of the Uniform Limited Liability Company Act, entitled "Liability of members and managers," provides in relevant part:

> [T]he debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely, the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt obligation, or liability of the company solely by reason of being or acting as a member or manager.

Plaintiff seeks to hold HOVIC liable for HOVENSA, LLC's alleged discrimination against Plaintiff, wrongful discharge of Plaintiff, and intentional and negligent infliction of emotional distress upon Plaintiff, solely because HOVIC is a member or manager of HOVENSA, LLC. The Uniform Limited Liability Company Act specifically protects HOVIC from such liability.

## II. Plaintiff Did Not File a Timely Charge with the EEOC against HOVIC for its Pre–HOVENSA Conduct.

■ To proceed with an employment discrimination action under Title VII of the Civil Rights Act of 1964, a charge must first be filed with the Equal Employment Opportunity Commission. *Communications Workers of America v. New Jersey Dept. of Personnel*, 282 F.3d 213, 216 (3d Cir.2002). Plaintiff filed her claim with the Virgin Islands Department of Labor and the Equal Employment Opportunity Commission on August 25, 2000. Second Amended Complaint, ¶ 42. Any unlawful employment practices by HOVIC that occurred within 300 days of Plaintiff filing her charge are actionable. *See* 42 U.S.C. § 2000e–5(e)(1). Plaintiff waited more than 300 days after HOVENSA, LLC took over the refinery from HOVIC to charge HOVIC with discrimination. Thus, Plaintiff's Title VII claim against HOVIC for HOVIC's conduct before HOVENSA, LLC took over the refinery is untimely.

## III. Plaintiff's Claims that HOVIC Violated Virgin Islands Civil Rights Law and Committed Other Torts before It Became a Member or Manager of HOVENSA, LLC are Time–Barred.

■ A two-year statute of limitations applies to Plaintiff's claims that HOVIC violated the civil rights laws of the Virgin Islands and committed intentional and negligent infliction of emotional distress. *See* 5 V.I.C. § 31(5)(A). Plaintiff's Complaint was filed in 2001. Plaintiff waited more than two years from the time HOVENSA, LLC took over the refinery from HOVIC to bring these claims against HOVIC. Thus, Plaintiff's claims against HOVIC for violating the civil rights laws and committing intentional and negligent

infliction of emotional distress before HO-VENSA took over the refinery are time-barred.

## IV. CONCLUSION

For the foregoing reasons, Defendant HOVIC's Motion to Dismiss is **GRANTED**.

### *ORDER*

THIS MATTER comes before the Court on Defendant Hess Oil Virgin Islands Corporation's ("HOVIC") Motion to Dismiss. For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that

Defendant HOVIC's Motion to Dismiss is **GRANTED**.